I respectfully dissent from the majority's affirmance of the kidnapping charges. If we allow those to stand we will be establishing a precedent, and a bad precedent at that, far beyond what the legislature intended. The language of the kidnapping statute, 2905.01(A) prohibits the taking of another person, and in part (5) prohibits kidnapping specifically when the intent is,
"To hinder, impede, or obstruct a function of government, or to force any action or concession on the part of governmental authority."
This language was added to the kidnapping statute in response to the gunman who tried to take over the Worker's Compensation office. It is intended to deal with situations where someone takes hostages to force an action by the government. It is clearly not intended to interfere with a parent's ordinary exercise of custody.
If we allow the prosecution's overbroad construction to stand, almost any parent might be charged with kidnapping. If a parent takes a child out of school over concern about the safety of the school building, that act would be intended to hinder to school action, a government function, and it would be done for the purpose to force an action or concession by the authorities. Even letting a kid miss a day of school to attend a ball game or to get an extra day at Disney World could be construed as a violation of the law.
Perhaps the best way to see the extent of the overreach of this interpretation is to suppose that the poor girl in this case had not been injured at all. If the parents were upset with nosy relatives and decided to move to avoid any contact with Childrens Services but the girl had not been harmed in any way, they would still be guilty of kidnapping.
If, for another example, parents are living in an unsafe, unsanitary situation and move to better living quarters with the intent to avoid any problems with Childrens Services, they are attempting to force an action or concession by the authorities, aren't they? If doing the right thing may be construed as a crime, if one must guess at what the law requires, then the statute is unconstitutionally vague.
I do not believe the statute is vague, particularly when one considers the intent of the legislature was to protect government workers and offices from hostage taking attempts. The Prosecution's construction of the statute in this case makes it overly broad, but we cannot accept that construction. Statutes are presumptively constitutional, and where a statute may be construed one way to reach a constitutional result and construed another way to reach an unconstitutional result, we must give it the constitutional construction.
The actions of the Defendant in this case are so reprehensible and appalling that it is hard for ordinary people to even conceive of such callousness. The inclination to prosecute to the fullest extent possible is understandable, but we build a sad monument to this little girl's unhappy life when we construe a statute so that both good parents and bad parents can be prosecuted on a subjective standard.
I would reverse on the kidnapping charge, and affirm on all other Assignments of Error, and therefore I dissent in part.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, VACATED IN PART and remanded to the trial court for further proceedings consistent with this opinion and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Concurs in Judgment Opinion as to A/E I, II, III, IV, V, VI, VII and Concurs in Judgment only as to A/E VIII.
Grey,* J., Concurs in Part and Dissents in Part with Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.